IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| PARISH GOLDEN, | SEALED |
| Petitioner, | ORDER |
| v. | 09-cv-150-bbc |
| JANEL NICKEL, GREG GRAMS, DYLON RADTKE, JAMES SPANGBERG, CATHY JESS, JON WALTZ, CAPT. OLESON, C. KOENIG, NANCY IRIZARRY, MIKE SAUNDERS, DAN WESTFIELD, JOHN BETT and MARK HIESE, in their official and individual capacities, and RICHARD RAEMISCH in his official capacity, | |
| Respondents. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Parish Golden, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has submitted a proposed complaint. He asks for leave to proceed in forma pauperis. Because petitioner is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint in forma pauperis, petitioner will have to make an initial partial payment of the filing fee. From the trust fund account statement petitioner has submitted,

1

I calculate his initial partial payment to be $13.81.[1] Also, he must pay the remainder of the fee in monthly installments even if his request for leave to proceed is denied. If petitioner does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that petitioner is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount petitioner must pay at this time is the $13.81 initial partial payment. Before prison officials take any portion of that amount from petitioner's release account, they may first take from petitioner's regular account whatever amount up to the full amount petitioner owes. Petitioner should show a copy of this order to prison officials to insure that they are aware they should send petitioner's initial partial payment to this court.

Once petitioner has submitted the $13.81 initial partial payment, this court will address the motion for temporary restraining order he submitted with his complaint. Also, because the crux of petitioner's complaint and the accompanying materials is that his life is in danger for past gang-related activities, I am construing his "motion to proceed under a

---

[1] On March 15, 2009, the court received a check from petitioner in the amount of $3.96 and a request for copies of dkts. ##1 and 2 in this case. A copy of dkt. #1 was mailed to petitioner pursuant to an earlier request and a copy of dkt. #2 is enclosed to petitioner with his copy of this order. The amount of petitioner's initial partial payment, $14.67, has been reduced by $.86 ($3.96 minus $3.10, which is the cost for copies) for a total of $13.81.

pseudonym" as a motion to place the complaint under seal and I will grant the motion. All filings in this case shall be placed under seal until otherwise ordered by the court. If petitioner does not wish to have the case sealed, he may so inform the court.

ORDER

IT IS ORDERED that petitioner is assessed $13.81 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $13.81 on or before April 10, 2009. If, by April 10, 2009, petitioner fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Further, IT IS ORDERED that petitioner's motion to file the complaint under seal, dkt. #5, is GRANTED. All filings in this case shall remain under seal until otherwise directed by the court.

Entered this 23rd of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3