IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| PARISH GOLDEN, | SEALED |
| Plaintiff, | ORDER |
| v. | 09-cv-150-bbc |
| JANEL NICKEL, GREG GRAMS,<br>DYLON RADTKE, JAMES SPANGBERG,<br>MIKE SAUNDERS, DAN WESTFIELD,<br>JOHN BETT and MARK HEISE,<br>in their official and individual capacities, and<br>RICHARD RAEMISCH in his official capacity, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 6, 2009, I screened plaintiff's complaint, allowed him to proceed on his Eighth Amendment claim against defendants Nickel, Grams, Radtke, Spangberg, Raemisch[1], Saunders, Westfield, Bett and Hiese for allegedly subjecting plaintiff to a substantial risk of serious harm when they placed him in general population despite his complaints that there is a "gang hit" on him. At the time, I set briefing on plaintiff's motion for a preliminary

---

[1] In the order portion of the April 6 opinion, I inadvertently omitted Richard Raemisch from the list of defendants against whom plaintiff would be allowed to proceed. This was a typographical error that will be corrected.

1

injunction. In the same order, I utilized an informal service agreement between this court and the office of the Attorney General to obtain service of process on the defendants. Finally, I recognized plaintiff's concern for his safety and the potential risk of allowing this lawsuit to be available to the public, and I directed that all filings in this case remain under seal and any new filings be placed under seal as well.

Now it has come to the court's attention that the Attorney General's office has not received a copy of the April 6, 2009 order. Typically, an electronic notice of the order screening a prisoner litigant's complaint is transmitted to the Attorney General's office so that the Department of Justice may advise the court for which defendants it will accept service. However, because of the restriction level placed on this case in the court's electronic filing system, no electronic notice was transmitted and a copy of the order was not mailed to the Attorney General's office. (The court's records show that the same is true for the March 23, 2009 order, in which I assessed petitioner an initial partial payment of the $350 filing fee.) It is not appropriate for this case to be sealed from the defendants and their prospective counsel. Therefore, I will instruct the clerk of court to modify the electronic filing restriction for this case so that the designated representative at the Attorney General's office may obtain access to it, including the ability to retrieve docket sheets, docket filings and receive electronic notices. Going forward, plaintiff will continue to receive copies of orders and notices by mail and the lawyer or lawyers representing the defendants will receive

electronic filing notices.

In light of this situation, it will be necessary to set new deadlines in place of those set in the April 6 order to allow the Attorney General's office the time allotted in the informal service agreement to obtain authority to admit service on behalf of defendants and to file a response to the complaint. Because of the unusual circumstances of this case and the fact that almost 60 days have elapsed since the filing of this lawsuit, I expect the Attorney General's office to move quickly to prevent further delay.

ORDER

IT IS ORDERED that

1. The April 6, 2009 order is AMENDED to include Richard Raemisch in the list of defendants against whom plaintiff was allowed to proceed.

2. The clerk of court is directed to modify the electronic filing restriction for this case so that the designated representative at the Attorney General's office may obtain access to it, including the ability to retrieve docket sheets, docket filings and receive electronic notices.

3. Pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint, his materials in support of his motion for a preliminary injunction, this order and the April 6, 2009 order are being sent today to the Attorney General for service on defendants.

3

4. The schedule for briefing plaintiff's motion for a preliminary injunction is modified as follows:

    a) defendants may have until June 3, 2009, in which to file and serve a response to plaintiff's motion for a preliminary injunction;

    B) plaintiff may have until June 15, 2009, in which to file and serve a reply.

Entered this 12th day of May, 2009.

                          BY THE COURT:

                          /s/

                          _____
                          BARBARA B. CRABB
                          District Judge