IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PARISH GOLDEN,                                          SEALED

             Plaintiff,                          ORDER

       v.                                          09-cv-150-bbc

JANEL NICKEL, GREG GRAMS,
DYLON RADTKE, JAMES SPANGBERG,
MIKE SAUNDERS, DAN WESTFIELD,
JOHN BETT and MARK HEISE,
in their official and individual capacities, and
RICHARD RAEMISCH in his official capacity,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 6, 2009, I screened plaintiff's complaint and allowed him to proceed on his Eighth Amendment claim against defendants Nickel, Grams, Radtke, Spangberg, Raemisch, Saunders, Westfield, Bett and Hiese for allegedly subjecting him to a substantial risk of serious harm when they placed him in general population at the Columbia Correctional Institution despite his complaints that there is a "gang hit" on him.  Plaintiff has filed a motion for a preliminary injunction, in which he requests to be transferred to the Dodge Correctional Institution.  Now defendants have filed their opposition materials, including

1

a motion to place an investigative report by Sergeant Bryon Bass under seal, withheld from plaintiff, which I construe to be a motion for the court to review this report in camera.

Defendants argue that Bass's report should be withheld from plaintiff because "producing this to [plaintiff] could breach the security of the institution."  However, defendants provide no explanation in support of this assertion, and it is not readily apparent from the face of the report why releasing it to plaintiff would threaten the security of the Columbia Correctional Institution.

I will give defendants another chance to justify their request.  Defendants have until June 22, 2009 to (1) supplement their brief, more thoroughly explaining why release of the report would breach prison security; (2) withdraw their motion to have the court review the report in camera and send a copy of the report to plaintiff; or (3) indicate that they no longer wish to rely on the report for their findings of fact, thus removing it from consideration.

Defendants should be aware that if they choose option 1, there is another, more serious problem.  Even if I ultimately agreed with defendants that the report contains sensitive information, I cannot consider defendants' proposed findings of fact that rely on the report because they contain inaccurate summaries of the report's findings.  Defendants' proposed findings of fact include the following:

15. Bass investigated 26 names provided by Golden as potential threats

2

to his safety and concluded that only one inmate remained at CCI.  [Nickel aff., ¶ 12 and Bass report, filed separately and designated confidential]

16. The remaining inmate was not a known member of the Gangster Disciples.  [Nickel aff., ¶ 12 and Bass report, filed separately and designated confidential]

Neither of these facts is contained in Bass's report yet figure prominently in defendants' brief in opposition.  (Defendants also cite to defendant Nickel's affidavit for these facts, but her affidavit appears to rely solely on Bass's report.)  Fairness dictates that if defendants are allowed to withhold evidence from plaintiff, they must provide an accurate summary of the evidence in their proposed findings of fact so that plaintiff can file a meaningful response. Under this court's procedure to be followed on motions for injunctive relief, I will not consider proposed findings of fact that do not accurately cite an evidentiary source.  If defendants want these proposed facts to be considered, they should submit amended proposed findings of fact along with their response to this order.

There is one final issue.  In defendants' response to plaintiff's proposed findings of fact, they argue that the court cannot consider the proposed findings because they cite his complaint, which is not admissible evidence.  I note that in plaintiff's complaint he declares under penalty of perjury that his allegations are true.  Thus his complaint carries the same weight as an affidavit.  Ford v. Wilson, 90 F.3d 245, 247 (7th Cir. 1996).  If defendants wish to contest these proposed findings of fact, they should submit a response along with their response to

3

this order.  Once defendants have responded, I will rule on their motion to have the court review Bass's report in camera.  Also, I will set a new deadline for plaintiff's reply regarding his motion for preliminary injunctive relief.  To avoid confusion, I note that the deadline was extended to June 29, 2009 by Magistrate Judge Stephen Crocker at the June 11, 2009 preliminary pretrial conference, but I will extend it a short time further.


ORDER

IT IS ORDERED that defendants' motion to have the court review Sergeant Bryon Bass's investigative report in camera is STAYED.  Defendants have until June 22, 2009 to respond to this order.

Entered this 15th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4