IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| PARISH GOLDEN, | SEALED |
| Plaintiff, | ORDER |
| v. | 09-cv-150-bbc |
| JANEL NICKEL, GREG GRAMS, DYLON RADTKE, JAMES SPANGBERG, MIKE SAUNDERS, DAN WESTFIELD, JOHN BETT and MARK HEISE, in their official and individual capacities, and RICHARD RAEMISCH in his official capacity, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The parties are briefing plaintiff Parish Golden's motion for preliminary injunctive relief. On June 15, 2009, I considered defendants' motion to have the court review part of their opposition materials, an investigative report by Sergeant Bryon Bass, in camera. I concluded that it is not readily apparent from the face of the report why releasing it to plaintiff would threaten the security of the Columbia Correctional Institution. I gave defendants until June 22, 2009 to (1) supplement their brief, explaining more thoroughly why release of the report would breach prison security; (2) withdraw their motion to have

1

the court review the report in camera and send a copy of the report to plaintiff; or (3) indicate that they no longer wish to rely on the report for their findings of fact, thus removing it from consideration.  Also, I concluded that defendants were incorrect in arguing that plaintiff's proposed findings of fact were invalid because they cited only to his complaint, noting that in plaintiff's complaint he declared under penalty of perjury that his allegations are true.  I gave defendants a chance to submit a new response to plaintiff's proposed findings of fact.

Now defendants have submitted their response to the June 15, 2009 order.  They have chosen to withdraw their motion to have Bass's report reviewed in camera, sent a copy of the report to plaintiff and submitted a new response to plaintiff's proposed findings of fact.  Also, plaintiff has submitted three motions: (1) a motion for reconsideration of the court's May 28, 2009 order denying his motion to appoint counsel; (2) a motion for entry of default against defendants; and (3) a motion for an extension of time to file his reply regarding his motion for preliminary injunctive relief.  I will deny all three of these motions.

First, plaintiff has filed a motion for reconsideration of the court's May 28, 2009 order denying his motion to appoint counsel.  Plaintiff's motion relies largely on the idea that he needs appointed counsel because defendants are trying to keep confidential information out of his hands for security reasons.  However, defendants have withdrawn their motion to keep Bass's report confidential.  Otherwise, plaintiff does not challenge my

2

analysis in the May 28, 2009 order; it is still the case that there is nothing in the record suggesting that this case is particularly factually or legally difficult, and plaintiff has been provided with guidance on this court's procedures, including discovery techniques and how to file and defend against dispositive motions. Accordingly, I will deny plaintiff's motion for reconsideration of the court's May 28, 2009 order denying his motion to appoint counsel.

Next, plaintiff has filed a motion for entry of default against defendants, arguing that they did not "answer (respond) or otherwise defend as to the plaintiff's preliminary injunction motion." Plaintiff appears to be conflating defendants' duty to respond to his motion for preliminary injunctive relief with their duty to file an answer pursuant to Fed. R. Civ. P. 12. In any case, defendants have appropriately responded to both plaintiff's complaint and his motion for injunctive relief. Defendants' answer was filed on May 18, 2009, within the 40-day limit for doing so pursuant to the informal service agreement between the office of the Attorney General and this court. In addition, defendants filed their original response to plaintiff's motion for preliminary injunctive relief on June 3, 2009, which was their deadline for doing so. Therefore, I will deny plaintiff's motion for entry of default.

Finally, plaintiff has filed a motion for an extension of time to file his reply regarding his motion for preliminary injunctive relief. I will deny this motion as unnecessary; in my June 15, 2009 order, I stated that once defendants responded to that order, I would set a

3

new deadline for plaintiff's reply. I will give plaintiff until July 16, 2009 to reply. Plaintiff should focus on defendants' amended response to his motion, filed in response to the June 15, 2009 order, rather than on their original response.

ORDER

IT IS ORDERED that:

1. Defendants' motion to have the court review an investigative report by Sergeant Bryon Bass in camera, dkt. #36, is WITHDRAWN.

2. Plaintiff's motion for reconsideration of the court's May 28, 2009 order denying his motion to appoint counsel, dkt. #40, is DENIED.

3. Plaintiff's motion for entry of default, dkt. #44, is DENIED.

4. Plaintiff's motion for an extension of time to file his reply regarding his motion for preliminary injunctive relief, dkt. #55, is DENIED as moot. Plaintiff has until July 16, 2009 to reply.

Entered this 2nd day of July, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

4