IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PARISH GOLDEN,                                                                  SEALED

               Plaintiff,                                           ORDER

      v.                                                                              09-cv-150-bbc

JANEL NICKEL, GREG GRAMS,
DYLON RADTKE, JAMES SPANGBERG,
MIKE SAUNDERS, DAN WESTFIELD,
JOHN BETT and MARK HEISE,
in their official and individual capacities, and
RICHARD RAEMISCH in his official capacity,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Two matters are before the court.  First, the preliminary injunction hearing must be changed from July 22 to July 28 at 9:00 am because of a scheduling conflict.

      Second, plaintiff has filed a motion for "reconsideration" of the order in which I concluded that a hearing was needed to determine whether defendants were subjecting him to a substantial risk of serious harm by housing him in general population in a prison where there are gang members who wish to harm him.  Most of his motion is devoted to evidence that he believed I overlooked in the order.  However, plaintiff is free to submit any evidence

1

he wishes at the hearing that he believes will support the claim. Although I identified what seemed to be the most salient questions, plaintiff is not limited to those.

In addition, plaintiff asks that I delay the hearing so that he has time to ask another prisoner, Sharquon Liggins, to testify voluntarily at the hearing. This is a curious request from someone alleging that he is in imminent danger. In any event, the request will be denied. Plaintiff does not have an absolute right to call any prisoner he wishes at the hearing. Stone v. Morris, 546 F.2d 730, 735 (7th Cir. 1976) (court must balance importance of testimony against the security and administrative burdens imposed by transporting prisoner to courthouse). In this case, plaintiff has not shown that Liggins would provide important or even admissible testimony.

Plaintiff points to a declaration that Liggins provided as proof that he should be allowed to testify, but the affidavit shows the opposite. For example, Liggins avers that he is "aware that [plaintiff] has a gang hit on him," but he does not explain how he has personal knowledge of this. Fed. R. Civ. P. 602. The other averments relate to what Liggins has "heard" about plaintiff and other gang members. For example, he says, "I have also heard that Parish Golden wrote an affidavit against somebody that they call 'Hen,' and that the folks are supposed to hit Golden." Again, Liggins has no personal knowledge of a "hit" against plaintiff; he is only repeating what he has "heard" from other prisoners. Neither plaintiff nor any other witness may establish a claim with whispers coming through the

2

prison grapevine. Rather, plaintiff must come forward with evidence that an actual threat exists.

## ORDER

IT IS ORDERED that

1. The hearing on plaintiff Parish Golden's motion for a preliminary injunction is rescheduled for July 28, 2009 at 9:00 am. The writ of habeas corpus ad testificandum for plaintiff's appearance at the hearing is QUASHED. The clerk of court is directed to issue a new writ for July 28.

2. Plaintiff's "motion for reconsideration," dkt. #63, is DENIED.

Entered this 16th day of July, 2009.

BY THE COURT:

/s/ Barbara B. Crabb
_____
BARBARA B. CRABB
District Judge