IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PARISH GOLDEN,                                                                SEALED

                     Plaintiff,                                      ORDER

          v.                                                                 09-cv-150-bbc

JANEL NICKEL, GREG GRAMS,
DYLON RADTKE, JAMES SPANGBERG,
MIKE SAUNDERS, DAN WESTFIELD,
JOHN BETT and MARK HEISE,
in their official and individual capacities, and
RICHARD RAEMISCH in his official capacity,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Parish Golden has filed a notice of appeal from the denial of his motion for a preliminary injunction following an evidentiary hearing held in this case on August 6, 2009. Because plaintiff's notice of appeal is not accompanied by the $455 fee for filing an appeal, I construe the notice to include a request for leave to proceed in forma pauperis on appeal. Plaintiff is a prisoner and his appeal is subject to the 1996 Prison Litigation Reform Act. This means that I must determine whether his appeal is barred because he has three strikes against him under 28 U.S.C. § 1915(g) or whether it must be certified as not having

1

been taken in good faith. Plaintiff does not have three strikes so he is not barred from proceeding in forma pauperis under § 1915(g). Moreover, I do not intend to certify that his appeal is not taken in good faith.

The only other hurdle to plaintiff's proceeding with his appeal in forma pauperis is the requirement that he make an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(a)(2). The trust account statement that plaintiff filed with his complaint covers a time period from September 2008 to March 2009; it is too to satisfy the statutory requirement that the assessment be calculated from a trust fund account statement for the six month period "immediately preceding the filing of the . . . notice of appeal . . . ." 28 U.S.C. § 1915(a)(2).

Accordingly, IT IS ORDERED that plaintiff may have until September 28, 2009, in which to submit a certified copy of his trust fund account statement for the six-month period beginning approximately March 8, 2009 to approximately September 8, 2009. If, by September 28, 2009, plaintiff fails to submit the required trust account statement or show cause for his failure to do so, I will deny his request for leave to proceed in forma

2

pauperis on the ground that he has failed to show that he is entitled to indigent status on appeal.

Entered this 14th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3