IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PARISH GOLDEN,

                    Plaintiff,

     v.

JANEL NICKEL, GREG GRAMS,
DYLON RADTKE, JAMES SPANGBERG,
MIKE SAUNDERS, DAN WESTFIELD,
JOHN BETT and MARK HEISE,
in their official and individual capacities, and
RICHARD RAEMISCH in his official capacity,

                    Defendants.

ORDER

09-cv-150-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PARISH GOLDEN,

                    Plaintiff,

     v.

RICHARD RAEMISCH, CATHY JESS,
RICHARD PHILLIPS, C.O. II M. ROHR
and SUSAN WALLINTIN,

                    Defendants.

ORDER

09-cv-442-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

Plaintiff has submitted a letter in the above cases asking the court to address concerns he has with financial aspects of his cases. I construe plaintiff's letter to be a motion for permission to use release account funds to pay the initial partial filing fee for his interlocutory appeal in case no. 09-cv-150-bbc and a motion for a refund of filing fee payments in both cases. Because the court has received plaintiff's initial partial payment for his appeal, his first motion will be denied as moot.

In addressing plaintiff's second motion, I have reviewed this court's financial records for the above cases. These records show that plaintiff has made initial partial payments of the $350 fees for filing his complaints in both cases and an initial partial payment of the $455 fee for his interlocutory appeal in case no. 09-cv-150-bbc. The remaining balances are being collected in monthly installments pursuant to 28 U.S.C. § 1915(b)(2).

28 U.S.C. § 1915(b)(2) provides that

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

In his motion for a refund, plaintiff says that prison officials have been deducting funds from his account to pay filings fees when there is less than $10 in his account. Plaintiff did not submit a recent trust fund account statement with his motion. However, he says that a trust fund account statement he submitted recently in case no. 09-cv-150-bbc

2

will show that funds are being deducted from his account incorrectly. This statement covers the period from March 18, 2009 to September 17, 2009, and contains consolidated transaction and monthly balance information for both plaintiff's regular and release accounts. From this statement it appears that prison officials are considering both regular and release account balances in determining when the amount exceeds $10 and are drawing from plaintiff's release account funds when there is no money in his regular account. In other words, plaintiff is correct that funds are not being withheld according to § 1915(b)(2).

With the exception of initial partial payments, I do not have authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account. Carter v. Bennett, 399 F. Supp. 2d 936 (W.D. Wis. 2005). Moreover, the initial partial payments plaintiff has been ordered to make in these cases have been made. To the extent that plaintiff is alleging that the institution is violating the statute, such an allegation must be raised in a separate lawsuit. Plaintiff's motion for a refund will be denied.

ORDER

IT IS ORDERED that plaintiff's motion for permission to use release account funds to make the initial partial filing fee for his interlocutory appeal in case no. 09-cv-150-bbc is DENIED as moot.

Further, IT IS ORDERED that plaintiff's motion for a refund of filing fee payments

3

in case nos. 09-cv-150-bbc and 09-cv-442-bbc is DENIED.

Entered this 21st day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge