IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PARISH GOLDEN,                                                          SEALED

                     Plaintiff,                            OPINION and ORDER

           v.                                                09-cv-150-bbc

JANEL NICKEL, GREG GRAMS,
DYLON RADTKE, JAMES SPANGBERG,
MIKE SAUNDERS, DAN WESTFIELD,
JOHN BETT and MARK HEISE,
in their official and individual capacities, and
RICHARD RAEMISCH in his official capacity,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The question in this prisoner civil rights case is whether defendants are violating plaintiff Parish Golden's rights under the Eighth Amendment by housing him in conditions that place him at a substantial risk of serious harm. Plaintiff's claim is that the Gangster Disciples have placed a "hit" on him because he killed one of their members in 1998, gang members at the Columbia Correctional Institution where he is housed are likely to harm him and defendants should transfer him to the Dodge Correctional Institution, where he believes he would be safer. Defendants' motion for summary judgment is now before the court. Dkt.

1

#92.

In an order dated August 7, 2009, I denied plaintiff's motion for a preliminary injunction because he had failed to adduce any evidence showing that he was in danger. Dkt. #71; see also dkt. #81 (transcript of hearing). Because plaintiff has failed to adduce any additional evidence in support of his claim since the hearing, defendants' motion for summary judgment will be granted.

Also before the court are several motions filed by plaintiff to sanction defendants and their lawyer for perjured testimony at the preliminary injunction hearing. Dkt. ##100, 102 and 103. Having reviewed plaintiff's allegations of perjury, I conclude that they have no merit and require no further discussion.

## OPINION

Although courts acknowledge often that "prisons are dangerous places," e.g., Riccardo v. Rausch, 375 F.3d 521, 525 (7th Cir. 2004), it is also true that "prisoners are not required to live in a violent state of nature where brutal attacks are ignored." Peate v. McCann, 294 F.3d 879, 882 (7th Cir. 2002). Thus, the Eighth Amendment requires prison officials to take reasonable preventive measures when they know that there is a substantial risk that a prisoner in their custody will be seriously harmed by another prisoner. Farmer v. Brennan, 511 U.S. 825 (1994). The problem with plaintiff's claim is that he has failed to show that

2

a "substantial risk" of serious harm exists.

On its face, plaintiff's claim is not entirely implausible. Defendants do not dispute that plaintiff is a former Gangster Disciple and that he killed one of his fellow members in 1998, so it would not be surprising to learn that the gang wanted to retaliate against him. Wilkinson v. Austin, 545 U.S. 209, 227 (2005) (stating that "[m]urder of an inmate . . . is a common form of gang discipline").

What makes plaintiff's claim much less compelling is the passage of time. Plaintiff has been incarcerated in the Wisconsin Department of Corrections since 1998, but he has not adduced evidence of any attacks, specific threats or any suspicious circumstances that have occurred since 1999. Although he was housed in protective custody for part of that time, he has been in general population since 2003. Plaintiff argues that the time he spent in general population at Dodge Correctional Institution is not probative because Dodge is safer than Columbia for a number of reasons. It is "the most closely supervised prison," Plt.'s Resp. to Defts.' PFOF ¶ 58, dkt. #105, the general population at Dodge is limited to "special placement needs inmates," id. at ¶ 39, and any gang members at Dodge are there "for safety reasons." Id. at ¶ 12.

This argument is undermined by plaintiff's failure to cite any foundation for his opinion about the relative safety of the Dodge prison. Compania Administradora de Recuperacion de Activos Administradora de Fondos de Inversion Sociedad Anonima v. Titan

3

Intern., Inc., 533 F.3d 555, 562 (7th Cir. 2008) (refusing to consider party's allegations when they were made without foundation). His personal belief is not evidence. Payne v. Pauley, 337 F.3d 767, 772 (7th Cir. 2003) ("[A]lthough personal knowledge may include reasonable inferences, those inferences must be grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.") Simply being at the prison does not give plaintiff personal knowledge of the actual reasons prisoners are housed there or of the likelihood of an assault at Dodge as compared to any other prison.

However, even if I agreed with plaintiff that Dodge is "safe," this would not help him because he was transferred to Columbia in November 2007 and he has been in general population since March 2009 without incident. Although he says that he has received threats while at Columbia, he has yet to identify a single one with any specificity.

In his declaration, plaintiff avers that two prisoners he had identified as dangerous are now housed in the same "complex" with him. Plt.'s Decl. ¶¶ 1-2, dkt. 107. In their reply materials, defendants aver that those prisoners have been moved. Nickel Aff. ¶¶ 7-8, dkt. #112. However, even I disregard defendants' supplemental facts, plaintiff does not adduce any evidence suggesting that the two prisoners he names are a threat to him. He does not allege that either prisoner has assaulted him, attempted to assault him, threatened him or engaged in any suspicious behavior toward him either while they have been housed near him

4

or at any other time. If these prisoners had the opportunity to harm or intimidate plaintiff but they failed to do so, this undermines his claim much more than it supports it.

It is unfortunate that plaintiff seems to believe that he is in danger at the Columbia prison. Incarceration is unpleasant enough without the added burden of living in constant fear. However, courts are limited in their authority. They may provide injunctive relief only when the plaintiff has made a clear showing that the defendants are violating his rights. Because plaintiff has not made that showing, I must grant defendants' motion for summary judgment. If circumstances change and a specific threat arises, plaintiff is free to file a new lawsuit, after exhausting his administrative remedies.

I must address one final matter. In an order dated April 7, 2009, I granted plaintiff's motion to seal all filings in this case because he alleged that dissemination of information about this lawsuit would threaten his safety. The general rule is that materials should not be sealed unless "unless a statute or privilege justifies nondisclosure." United States v. Foster, 564 F.3d 852, 853 (7th Cir. 2009). This rule applies with special force to judicial opinions, which are presumptively public. Id. Now that plaintiff has failed to show that he is in danger, it is more difficult to justify keeping the record sealed on the grounds he alleged. Accordingly, I will give the parties an opportunity to show cause why the filings in this case should not be unsealed. If neither side provides a persuasive justification for maintaining secrecy, I will unseal the record.

5

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendants Janel Nickel, Greg Grams, Dylon Radtke, James Spangberg, Mike Saunders, Dan Westfield, John Bett, Mark Heise and Richard Raemisch, dkt. #92, is GRANTED.

2. Plaintiff Parish Golden's motions for sanctions, dkt. ##100, 102 and 103, are DENIED.

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

4. The parties may have until February 23, 2010 to show cause why the record in this case should not be unsealed.

Entered this 9th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

6